IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHEN MILHOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 cv 11709 |
| | ) |
| NORTHEAST ILLINOIS REGIONAL | ) |
| COMMUTER RAILROAD CORPORATION | ) |
| (d/b/a METRA), and METRA POLICE | ) |
| OFFICERS ISAAC ASH and | ) |
| LYNDELL LUSTER, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES the Plaintiff, STEPHEN MILHOUSE, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION (d/b/a METRA), and METRA POLICE OFFICERS ISAAC ASH and LYNDELL LUSTER, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving plaintiff of his rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

4. PLAINTIFF STEPHEN MILHOUSE is a citizen of the United States of America, who resides in Cook County, Illinois.

5. DEFENDANT OFFICERS ISAAC ASH and LYNDELL LUSTER ("Defendant Officers") were, at the time of this occurrence, duly licensed Metra Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. DEFENDANT NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION ("Metra") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

7. Plaintiff Stephen Milhouse is a United States Air Force veteran and former police officer for the City of Chicago. At all times relevant, he spent his time volunteering as the was the Information Technologies Director at the RTW Veterans Center.

8. On April 24, 2016, at or around 7:40am he was waiting for his train when a young lady sought his help in order to get home.

9. Using the publicly available outlets, Mr. Milhouse plugged in his laptop to find a cab company and used his cellular phone to call them on her behalf.

10. At this time, a building attendant arrived and ordered Mr. Milhouse to unplug from the outlet and to leave the building despite Mr. Milhouse having a ticket to for the 8:40am train headed to Villa Park.

11. At all times relevant, there were no visible signs displayed by or near the outlet Mr. Milhouse was using that stated the public could not use the outlets.

12. The outlet Mr. Milhouse was using was conveniently placed right next to the table where persons regularly sit.

13. Visitors of the Ogilvie Food Court regularly use the publicly available outlets to charge their phones, laptops, and other electronic devices without being harassed and arrested.

14. When Mr. Milhouse asked Defendant Officers what he had done wrong, they arrested Mr. Milhouse without probable cause or any other lawful basis.

15. Defendant Officers seized Mr. Milhouse's personal property, including his laptop.

16. Although Defendant Officers knew Mr. Milhouse had done nothing wrong, they charged him with Disorderly Conduct and Criminal Trespass to Property.

17. In fact, on the date of Mr. Milhouse's trial, the Defendant Officers arrived to testify but then walked out of the courthouse before they could be called.

18. As a result, all charges against Mr. Milhouse were dismissed in a manner indicative of his innocence.

19. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with his normal life, lost time, and attorneys' fees.

## **COUNT I: 42 U.S.C. § 1983 – Illegal Search & Seizure**
*Against Defendant Officers*

20. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

21. The search and seizure of Plaintiff's person and property performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

22. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, STEPHEN MILHOUSE, purusant to 42 U.S.C. §1983, demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## **COUNT II: 42 U.S.C. § 1983 – False Arrest**
*Against Defendant Officers*

23. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

24. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

25. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations

proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, STEPHEN MILHOUSE, purusant to 42 U.S.C. §1983, demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Malicious Prosecution (State Law Claim)
*Against All Defendants*

26. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

27. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

28. Defendant Metra is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Metra, and while acting within the scope of this employment.

29. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, STEPHEN MILHOUSE, demands judgment against DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 745 ILCS 10/9-102 – Indemnification
*Against Defendant Metra*

30. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

31. Defendant Metra is the employer of the Defendant Officers.

32. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Metra Police Department.

WHEREFORE the Plaintiff, STEPHEN MILHOUSE, demands that, should any individually-named defendants be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, METRA, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

    Respectfully Submitted,
    STEPHEN MILHOUSE

By:   s/ Jeanette Samuels
        One of Plaintiff's Attorneys

SAMUELS & ASSOCIATES, LTD.
3440 S. Cottage Grove, #504
Chicago, IL 60616
T: 872.588.8726
F: 872.444.3011
E: sam@jsamlaw.com